SHAPARD GROCERY CO., ET AL. VS HYNES.

Opinion delivered October 26, 1899.

*1. Partnership—Dissolution—Continuing Liability of Retiring Partner.*

Upon the dissolution of a partnership, the business is conducted in the firm name as before, with the express understanding, authority and consent of the retiring partner to that effect; *Held,* that testimony of the retiring partner is sufficient to establish such authority, and the liability of such retiring partner for the partnership indebtedness is not terminated by such dissolution of the partnership.

*2. Instructions—In Attachment Proceedings—Nature of Plaintiffs Rights.*

In a suit for conversion of property, which defendants had taken under attachment against third parties, it was not necessary for plaintiffs to establish their absolute ownership of such property; but if they held a mortgage on said property, properly recorded in another state, and the defendants had actual notice of this fact at the time of the levy, plaintiffs were entitled to recover and to have their attachment sustained. And where it was a question whether the instrument, under which plaintiffs claimed, was an absolute bill of sale or a mortgage, instructions covering the principles above stated were properly given as submitting the questions of fact involved in the case.

3. *Instructions—Inconsistent, But not Prejudicial, Not Reversible Error.*

> Where instructions are given which are inconsistent and conflicting, this is not sufficient ground for a reversal where the error, if there be any, is not prejudicial to the appellants, but rather in their favor.

4. *Partnership—Retiring Member—Estoppel in Pais.*

> Where, upon the dissolution of a partnership, the withdrawal of the retiring partner is kept concealed from the public until after property of a debtor of the firm is seized by an attachment in the firm name, and the firm is sued for the conversion thereof, the retiring partner is estopped from then denying that he was a member of the firm.

5. *Instructions—Properly Refused When Covered by Others Given.*

> It is not error to refuse to give specific instructions requested, when the instructions given embody the law which should govern the case, and the refused instructions are substantially covered by others given.

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Action by W. M. Hynes and others against the Shapard Grocery Company and another. Judgment for plaintiffs. Defendants appeal. Affirmed.

In April, 1897, a suit was filed in the commissioner's court at South McAlester, in which the Shapard Grocery Company was plaintiff, and Joe Cottraux et al. were defendants. An attachment was issued, and levied upon certain goods belonging to Joe Cottraux, and also upon the goods claimed in this suit. This suit was brought against the officer who levied the attachment, Phelps, and against the Shapard Grocery Company, alleging that the defendants

converted the goods claimed by plaintiffs to their own use. The complaint alleged that the Shapard Grocery Company was a firm composed of S. S. Shapard and C. G. Moore. The defendants S. S. Shapard and C G. Moore appeared, and each filed an answer putting in issue all of the allegations contained in plaintiffs' complaint. Upon the issues raised by the answers to the complaint the case was tried, and a verdict returned in favor the plaintiffs and against all of the defendants in the sum of $520. The next day after the verdict was rendered, the defendant Moore filed his motion for a new trial. On the second day after the verdict was rendered, the defendant Shapard filed his motion for a new trial. These motions were duly presented and overruled. The pleadings and the evidence introduced on the trial of this cause raised the following issues, to-wit: (1) Whether or not plaintiffs were the owners of, and entitled to the immediate possession of, the property claimed in their complaint. (2) Whether or not the defendants converted the goods claimed by the plaintiffs to their own use. (3) Whether or not the instrument introduced in evidence by plaintiffs, and upon which they based their title to the property claimed, was an absolute bill of sale, or was a mortgage. (4) Whether or not the defendant S. S. Shapard and the defendant C. G. Moore were partners at the time of the alleged conversion of the goods claimed by plaintiff. (5) Whether or not the defendant Moore's failure to advertise his withdrawal from the firm of the Shapard Grocery Company made him liable to the plaintiffs in this case. (6) In case it did appear that a partnership did exist at the time of the alleged conversion, whether or not Shapard exceeded his authority as a partner of Moore's in sub-renting a certain storeroom, and in purchasing a certain account, for the collection of which the suit against Joe Cottraux was filed. The foregoing statement is taken from appellant's brief. Appellees, in their brief, insist that the statement contained in appellants' brief failed to al-

lege with entire clearness the main facts presented in this case, and submit a statement of facts. The only modification or enlargement of the statement as made by appellants is contained in the following statement taken from appellees brief: "An affidavit for attachment was filed in the action, and a writ of attachment sued out, which was levied by F. W. Phelps, as special agent, under the direction of the Shapard Grocery Company, upon certain goods which were at that time located in a car upon the Choctaw, Oklahoma & Gulf Railroad, at South McAlester, Ind. T. By the direction of the Shapard Grocery Company, the said goods were taken out of this car by the special agent, Phelps, and stored in the basement of a building owned by W. L. Austin; and afterwards enough of the goods were sold to pay the debt sued for, and the remainder placed in the basement of the Austin Building." The court having entered a judgment upon the verdict of the jury, and having overruled the motion for a new trial, the case was appealed to this court.

*S. A. & Wallace Wilkinson*, for appellants.

*Stuart, Lewis & Gordon*, for appellees.

SPRINGER, C. J. The appellants submit 14 assignments of error in this case. It will not be necessary, however, to consider all of these assignments, as several of them involve the same point.

The first assignment of error is that the court below erred in "overruling the motion of defendant C. G. Moore, at the close of the testimony, for an instruction directing the jury to return a verdict in his favor." Appellants conceded, by making this motion, that it was a question for the court to determine, upon the facts, whether or not C. G. Moore was a partner in the firm known as the Shapard Grocery

Company, or whether he was connected with the firm in such a way that a partnership liability existed against him. The court was of the opinion that a partnership liability existed, and overruled appellants' motion; and in the third instruction of the court, which is assigned as one of the errors in the case, the court, over the objection of the defendants, instructed the jury as follows: ''The court settles for you this question of partnership, and holds that, if the defendants are liable at all, Mr. Moore is equally liable with Mr. Shapard and the constable.'' Mr. Moore was a witness in the case, and testified in his own behalf. Appellees, in their brief, submit a brief statement of the substantial parts of his testimony, as follows: That he began partnership with S. S. Shapard about the month of November, 1895; that there was no agreement as to the scope of the partnership business, except that it was to be managed by S. S. Shapard, and that he (Moore) was to furnish the capital, and the profits were to be divideu; that he remained in the partnership until January, 1897; that during the month of January he made a contract with Shapard whereby Shapard was to buy him out, and pay him $125 per month until the sum of $1,800 should have been paid; that thereafter Shapard paid him the sum of $500, and no more, and that in September of the year 1897 he again took charge of the business, Shapard having left it; that, when he made this contract of sale with Shapard, it was provided and understood that Shapard was not to have the right to dispose of this property until the purchase price had been paid in full; that Shapard was to run the business in the old firm name, using his (Moore's) name when necessary, and that no information should be given out that Moore had contracted to retire from the firm; that nothing was said as to the disposition of the accounts which were due the partnership at the time the contract for dissolution was made, but it was understood that Shapard was to have the authority to collect the same in the old firm

*Partnership.*

name; that no mention was made to outside parties of this contract for dissolution, either by C. G. Moore or S. S. Shapard, until a date two weeks prior to the time of the trial of this cause; and that up to that time not even defendants' attorneys had been advised that such contract had ever been made. Appellants do not concede the correctness of this summary of Mr. Moore's testimony. It would unnecessarily incumber the record to set forth his testimony in full, but, after carefully examining it, the court is of the opinion that the summary above set forth is a substantial statement of Mr. Moore's testimony. Appellants especially contend that Mr. Moore's evidence did not go to the extent "that Shapard was to run the business in the old firm name, using his (Moore's) name when necessary." In the record will be found the following questions put to Mr. Moore on cross-examination, and his answers thereto: "Q. Mr. Moore, at the time you and Mr. Shapard dissolved partnership, was there any understanding between you and him as to whether or not the business should go on in the old firm name? A. Yes, sir. Q. What was the understanding? A. It was the understanding that it was to continue in that way." This evidence fully supports the summary of Mr. Moore's statements on this point. Upon this statement of Mr. Moore's connection with the partnership firm known as the Shapard Grocery Company, the court did not err· in overruling appellants motion for a peremptory instruction in behalf of Mr. Moore; nor did the court err in the instruction to the jury above set forth, in which he held that, if any of the defendants were liable, Mr. Moore was, equally with Mr. Shapard and the constable.

The second assignment of error is as follows: "That the court erred in instructing the jury, over objection of defendants, as follows: 'The court instructs you upon the question of partnership: First. You will remember the testimony of Mr. Moore himself, and I take it that that will

be conclusive in this case as far as he is concerned,—conclu-
sive against him, at least.  If you shall find from the evi-
dence that a partnership had existed between Mr. Shapard
and Mr. Moore; that Mr. Moore was a silent partner, and
that he was furnishing the money for the partnership busi-
ness, and that the people knew that he was a silent partner,
and that it was known generally that he was a partner when
this transaction was had; and that he afterwards undertook
to dissolve that partnership in the way that he has testified;
if he did it secretly; if he did it without letting the public
know that he was no longer a partner; and that it was under-
stood between him and Mr. Shapard that Mr.  Shapard was
still to use the old name in running on the business,—then
the court instructs you that as far as these plaintiffs are
concerned in this case, he is bound by the acts of his old
partner, Mr. Shapard, to the same extent as if he was an
actual partner at the time these goods were levied upon and
sold.   All of the testimony is one way with regard to his
situation in this matter, and the court instructs you that, if
the other particulars are sufficiently and properly made out
in accordance with the instructions that I shall give you
further on, Mr. Moore would be liable with the others;  that
is, if you find for the plaintiff in this case, the judgment will
go against Mr. Moore as well as the other defendants, and in
the form of your verdict you will make no distinction as to
him,  but  simply  find a verdict for the plaintiffs against the
defendants'."   This instruction is simply an enlargement of
the instruction which is stated above.   It was not necessary
to give the instruction in this case, after the court had
found that the evidence established a partnership liability of
Mr. Moore.   It was, however, not error to make this state·
ment to the jury.

The fourth assignment of error is as follows:  ''Fourth-
In instructing the jury, over the objection of the defendants,
as follows:   'The court instructs you further that, before

<div style="margin-note">Retiring<br>partner's<br>liability.</div>

you can find for the plaintiffs in this case, you must find that this property belonged to the plaintiffs; that it was theirs; that they had title to it, or, if they did not have absolute title to it by virtue of this bill of sale, that they held a mortgage which was recorded in Texas; and that, if they held by virtue of a mortgage, the defendants at the time of the levy of the attachment had actual knowledge of the fact'." This instruction properly submitted to the jury certain questions of fact which were involved in the case.

*Attachment. Plaintiffs title.*

The fifth assignment of error is as follows: "Fifth. In instructing the jury, over the objection of defendants, ·as follows: 'Now, gentlemen of the jury, if you find from the evidence in this case that the property belonged to these plaintiffs, or if you find that they owned it by virtue of a mortgage which was recorded in Texas, and the defendants had actual notice of that fact, and you further find that this property was levied upon by virtue of an attachment issued by direction of defendants, then the court instructs you to find for the plaintiffs, unless you shall find that the debt sued upon in that attachment suit was for rent for property which had been leased by Shapard without his having any authority to do so as a partner'." This instruction is merely the court's conclusion drawn from the preceding one, and is really a part of it. This court sees no error in submitting these questions of fact, and if they were found by the jury, as stated in the instruction, it was proper to instruct the jury to find for the plaintiffs. It is contended by appellants that the qualification, "unless you shall find that the debt sued upon in that attachment suit was for rent for property that had been leased by Shapard without his having any authority to do so as a partner," was in conflict with the other instructions given; that the court had already instructed them that Moore was a partner of the firm, and that, if they found for the plaintiffs, they should find against all the

*Conflicting instructions.*

(7)

defendants equally. The contention of appellants that the qualification is in conflict with the other instruction is probably well taken, but, if there be any error, it is not prejudicial to the appellants, but rather in their favor, and the inconsistency is not ground for a reversal.

The sixth assignment of error is based upon an instruction to the jury which appellants, in their brief, group with assignments 2, 3, 8 and 11. The court has already set forth the instructions covered by assignments numbered 2 and 3, and need not set forth the instruction upon which the error is alleged in the sixth assignment, as the instruction is similar in its purport to that set forth in the second assignment.

The seventh assignment of error is based upon an instruction of the court which was to the effect that, if they found from the evidence that certain facts existed in reference to this partnership, they should find the defendant C. G. Moore liable to plaintiffs for all damages resulting from the seizure of said goods; that the goods belonged to plaintiffs, and were not subject to the levy of attachment, although the said Moore may not have had knowledge of the levy of said suit. We see no error in this instruction, for, if the jury found the facts as stated, and they were properly submitted to the jury, the legal conclusion followed as stated by the court.

The eighth assignment of error is as follows: ''Eighth. In instructing the jury, at the request of plaintiffs, over the objection of defendants, as follows: 'If you believe from the evidence that the defendant C. G. Moore was for some time prior to and until the 1st day of January, 1897, a partner with the defendant S. S. Shapard, doing business under the name of Shapard Grocery Company, and that on the 1st day of January 1897 the said Moore retired from said partner-

ship, and was not in fact a member of the firm at the time the property in controversy was seized, yet if you believe that the said Moore intentionally concealed from the public his retirement from said firm until after the property in controversy was seized, and after this suit was filed, and if you further find that plaintiffs, at the time said property was taken, at the time this suit was filed, had knowledge that the said Moore had, prior to the time of the seizure of said property and the filing of this suit, been a member of said firm, then the said Moore is estopped from denying in this action that he was a member of said firm of Shapard Grocery Company." This instruction embodies the rule of estoppel in pais. If the jury found the facts as stated, the court is of the opinion that Mr. Moore would be estopped from denying in this action that he was a member of the firm. The court did not err in giving this instruction. At the common law, estoppels were confined, except in a few special cases, to those arising from deeds and records of courts. Mere acts, statements, or admissions of the party, when not performed or made under seal or record, or in some of those ways to which peculiar authority is attached by law, were not, at common law, considered as estoppels, and had no other weight than that of evidence more or less important, but which might be explained or rebutted. But the common-law rule was found to be inadequate for the attainment of equity, and hence the equitable estoppel, or estoppel in pais, of the present day. While this doctrine of estoppel in pais originated in the courts of equity, it is now very generally applied in cases arising in courts of law. 11 Am. & Eng. Enc. Law (2d Ed.) p. 421; Kirk vs Hamilton, 102 U. S. 77. It is no longer regarded as merely a technical rule of evidence, but a part of the substantial law which regulates rights and duties. Bank vs Eldred, 6 Biss. 373, Fed. Cas. No. 9,528; Union Pac. R. Co. vs U. S., 32 U. S. App. 318, 15 C. C. A. 123, and 67 Fed.

*Estoppel—In pais.*

975; Prater vs Frazier, 11 Ark. 249; Jowers vs Phelps, 33
Ark. 465. In general, the most usual application of the
doctrine of estoppel in pais arises from the misrepresenta-
tion or concealment of material facts on the part of the
person to be estopped. In the case at bar the court sub-
mitted to the jury the question as to whether C. G. Moore
had concealed his withdrawal from the partnership firm
known as the Shapard Grocery Company, and, if the jury
should find that this fact was concealed, the court instructed
them that he was estopped from denying in this action that
he was a member of said firm.

The foregoing assignments of error were all that
were based on exceptions to the instructions which were
given by the court. The other assignments were based up-
on instructions which the defendants requested the court to
give, and which were refused. In reference to assignments
of error 9 and 13, wherein the court refused to give certain
instructions asked by defendants, they contend that plain-
tiffs were not the bona fide owners of the property claimed;
that the property belonged to the defendants in the case of
the Shapard Grocery Co. against Joe Cottraux. This em-
bodied mere questions of fact, which were properly submit-
ted to the jury in other instructions given by the court, and
it was not error to refuse to give the instructions requested.
The same may be said in reference to assignment No 10, in
so far as said requested instructions were applicable to the
facts in the case. The eleventh assignment of error is
based upon the refusal of the court to grant a requested in-
struction, the substance of which was covered by other in-
structions given by the court. The twelfth assignment of
error is based upon the refusal of the court to instruct the
jury that if they believed from the evidence in the case that
the plaintiffs only had a mortgage on said property, and
they were not the absolute and unconditional owners of
s aid property, then the plaintiffs have no cause of action

against the defendants, and the verdict should be for the defendants. The court, in the instructions given to the jury, had already instructed them that if they found that the plaintiffs owned the property by a mortgage which was recorded in Texas, and that the defendants had actual notice of that fact , and that this property was levied upon by virtue of an attachment issued by the direction of the defendants, they should find for the plaintiffs. The court's instruction which was given embodied the law which should govern the case. The fourteenth assignment of error is that the court erred in giving ambiguous and contradictory instructions to the jury. We have already sufficiently referred to this alleged error. If there was any error in this respect, it was not prejudicial to appellants.

All of the material issues in the case upon which the jury was required to act were submitted to them by appropriate instructions. This court will not disturb the verdict of the jury based upon the facts in issue. We find no error in the record prejudicial to appellants. The judgment of the court below is therefore affirmed.

THOMAS and TOWNSEND, JJ., concur.